IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONALD LEE TAYLOR,

    Petitioner,

v.                                                     Civil Action No. 5:13cv16
                                                    (Judge Stamp)

MARVIN PLUMLEY, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

On February 8, 2013, the *pro se* petitioner, Donald Lee Taylor ("Taylor"), an inmate in the custody of the West Virginia Division of Corrections, filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2254. On February 11, 2013, petitioner was granted permission to proceed as a pauper but directed to pay the filing fee. Petitioner filed his petition on a court-approved form on February 19, 2013 and on March 25, 2013, paid the required fee.

On March 26, 2013, the undersigned conducted a preliminary review of the file, determined that summary dismissal was not appropriate at that time, and directed the respondent to show cause why the petition should not be granted. On July 26, 2013, the respondent filed a Motion to Dismiss with attached exhibits. On September 4, 2013, a Roseboro Notice was issued, and on September 16, 2013, the petitioner filed a letter motion to stay the proceedings. By Order entered September 17, 2013, petitioner's motion was denied but he was granted an extension of time in which to respond to the Motion to Dismiss. To date, petitioner has not filed a response. Accordingly, this matter is pending before me for an initial review and Report and Recommendation.

## I. Procedural History

A. <u>Underlying Criminal Proceedings in State Court</u>[1]

    1. <u>The Taylor County Conviction</u>

On May 21, 1987, petitioner pled guilty in Taylor County, West Virginia to Grand Larceny. On January 21, 1988, petitioner was sentenced to the West Virginia Penitentiary for a period of "not less than one nor more than ten years." On or about November 18, 1988, petitioner escaped from the Pruntytown Correctional Center. On or about April 26, 1989, petitioner inflicted multiple lethal stab wounds on one Malcolm Davies. Petitioner was apprehended May 17, 1989.

    2. <u>The Monongalia County Conviction</u>

On June 27, 1989, petitioner was charged in a one-count complaint in Monongalia County with killing Malcolm Davies, in violation of West Virginia Code § 61-2-1. On December 7, 1989, petitioner was convicted by a jury of Murder by First Degree with a recommendation of mercy. On February 22, 1990, the Court sentenced petitioner to life with the recommendation of mercy. It further ordered that an additional five-year sentence for the violation of recidivist statutes be imposed. The Court ordered that petitioner's sentence run consecutively to any sentence previously imposed on petitioner. The Court also indicated petitioner's "effective sentence date" was June 21, 1989.

    3. <u>Direct Appeal</u>

On October 22, 1990, the petitioner appealed his conviction and sentence to the WVSCA. The WVSCA refused the petition on November 28, 1990.

---

[1] Information on petitioner's state court criminal proceedings was obtained from the Memorandum Opinion and Order Denying and Dismissing Petitioner's §2254 Motion, and Granting Respondent's Motion to Strike and Motion to Dismiss, in Case No. 2:08cv49, Dkt.# 27 at 2 – 3, and the October 4, 2013 Memorandum Decision of the West Virginia Supreme Court of Appeals ("WVSCA"), entered in Case No. 12-1490 (Monongalia County 12-C-592).

### B. Prior Habeas Petitions Filed

Prior to filing the instant petition, petitioner has filed six previous §2254 petitions in this court.[2] The first, after initially being dismissed without prejudice on the respondent's motion for summary judgment, was later reinstated after petitioner exhausted his state court remedies, and denied on the merits.[3] The second[4] was dismissed without prejudice for failure to exhaust state court remedies. Likewise, the third[5] was also dismissed without prejudice for failure to exhaust. The fourth was dismissed as untimely and successive.[6] Petitioner's fifth §2254 petition was dismissed as time-barred.[7] His sixth was dismissed on the merits.[8]

### C. State Court Post-Conviction Proceedings on Present Claims

Petitioner first raised the instant claims in the Randolph County, West Virginia Circuit Court. By Order entered October 17, 2011, petitioner's complaint was denied and dismissed for failure to state a claim upon which relief could be granted.[9]

Petitioner appealed to the WVSCA. By a Memorandum Decision entered on November 19, 2012, the decision of the Randolph County Circuit Court was affirmed.[10]

---

[2] Petitioner has also filed two §2254 motions in the Southern District of West Virginia: 5:00-cv-00534, and 5:01-cv-00629; both were dismissed for failure to exhaust. Additionally, he has filed numerous civil rights actions in that district, at least five of which were dismissed for failure to state a claim.

[3] Case CA-93-34-E.

[4] Case No. 2:94cv90.

[5] Case No. 1:95cv90

[6] Case No. 1:04cv46.

[7] Case no. 2:09cv49.

[8] Case No. 2:09cv78.

[9] Dkt.# 9-1.

[10] Dkt.# 9-2.

### D. Federal Petition for Habeas Corpus

### Claims by Petitioner

In his petition, Taylor raises two related claims, alleging that

1) three disciplinary hearing convictions at the Huttonsville Correctional Center wrongfully denied him his liberty interest in parole release; and

2) the Circuit Court of Randolph County entered an order denying these habeas claims "was not based on law or fact," because there was no hearing or adjudication on the merits.

As relief, he requests that this court issue an order reversing and expunging the rule violations from his disciplinary file, reinstating him to his "prehearing status and privileges," and that he be granted permission to "pursue an action in 42 USC §1983 thereafter."

### Respondent's Motion to Dismiss

In support of his Motion to Dismiss, the respondent argues that Taylor

1) was not deprived of a liberty interest that would trigger Constitutional due process;

2) the case is moot, because petitioner was released on parole; and

3) petitioner was afforded his due process rights at the disciplinary hearings.

Thus, the respondent requests the dismissal of the petition for lack of subject matter jurisdiction and because petitioner has failed to state a claim upon which relief can be granted.

### Petitioner's Response to Motion to Dismiss

Petitioner attempts to refute the respondent's position that the case is moot, arguing that he is already back in custody, because parole authorities have "trumped up alleged parole violations" and he has been reincarcerated, now at the South Central Regional Jail.

## II. Analysis

### A. In Custody Requirement

To be eligible for relief under §2254, the petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. §2254(a). This "in custody" requirement is jurisdictional and must be met at the time the petition is filed. See Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986); Harris v. Ingram, 683 F.2d 97, 98 (4th Cir. 1982). A person is "in custody" while incarcerated for the conviction or while on probation or parole.[11] However, Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3rd Cir. 1996).

Here, petitioner was "in custody" at the time this case was filed and was released on parole on May 29, 2013.[12] He asserts that he has since been reincarcerated for parole violations. Thus, he has always been "in custody" of one sort or another while this habeas petition was pending. However, his claims that his "unlawfully imposed" disciplinary hearing convictions[13] were used as a basis to deny him his liberty interest in parole release have nevertheless been rendered moot, because he did receive his parole, albeit after a temporary delay for those disciplinary violation convictions. As well, his related claim that the Circuit Court of Randolph County abused its discretion in denying these habeas claims when he raised them there, is likewise rendered moot. Merely because petitioner then violated the conditions of his parole, and was returned to jail does not "un-moot" the fact that he did, in fact, receive parole.

---

[11] Spencer v. Kemna 523 U.S. 1, 7 (1998).

[12] Dkt.# 23-2.

[13] Petitioner's claim that the disciplinary hearing convictions were unlawfully imposed is not only false, but also irrelevant, because he admitted having committed each of the charged offenses and entered "no contest" pleas to each. See Dkt.#23-1 at 14, 18, and 22.

5

Consequently, the petitioner is not entitled to § 2254 relief and his petition should be dismissed.  See Kokkonen v. Guardian Life Insurance Co., 511 U.S. 375, 377 (1994) (federal courts are courts of limited jurisdiction); Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (where jurisdiction does not exist, the cause must be dismissed).

Further, even if this court did have subject matter jurisdiction, parole is a statutory creation and, as such, eligibility and criteria is for the state to determine.  See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7-8 (1979)("Moreover, to ensure that the state-created parole system serves the public-interest purposes of rehabilitation and deterrence, the state may be specific or general in defining the conditions of release and the factors that should be considered by the parole authority.").  A state inmate has no inherent right under the United States Constitution or federal law to be considered for parole or to have particular criteria for eligibility. Greenholtz.  Accordingly, "[p]arole eligibility is a question of state law and therefore is not cognizable on federal habeas review." Ramdass v. Angelone, 187 F.3d 396, 407 (4th Cir. 1999).  Therefore, this Court does not have jurisdiction to entertain the instant petition.

### III. Recommendation

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss (Dkt.# 23) be **GRANTED**, and Taylor's §2254 petition be **DENIED and DISMISSED with prejudice**.

**Within fourteen (14) days** after being served with a copy of this Recommendation**, or by December 26, 2013**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District

Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to prove a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the United States District Court for the Northern District of West Virginia.

DATED: December 11, 2013

<u>/s/ James E. Seibert</u>
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE