```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

DONALD LEE TAYLOR,

    Petitioner,

v.                              Civil Action No. 5:13CV16
                                                    (STAMP)

MARVIN PLUMLEY, Warden

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

## I. Procedural History

On February 8, 2013, the pro se[1] petitioner, Donald Lee Taylor, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, he argues that his unlawfully imposed disciplinary hearing convictions at the Huttonsville Correctional Center were used to deny him his liberty interest in parole. Further, the petitioner argues that the order entered by the state court denying this same habeas claim concerning his parole was not based on law or fact because there was no hearing or adjudication on the merits.

On July 26, 2013, the respondent filed a motion to dismiss arguing that this Court should dismiss the petition because: (1) the petitioner was not deprived of a liberty interest that would

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

trigger Constitutional due process; (2) the case is moot because the petitioner was released on parole; and (3) the petitioner was afforded his due process rights at the disciplinary hearings. The petitioner did not respond to the motion to dismiss, but instead filed a motion to stay and a notice of change of address. In the motion to stay, the petitioner asserts that he is now in custody again on "trumped up" alleged parole violations imposed in retaliation for filing the instant action. The petitioner requests that this Court stay the case pending his response to the respondent's motion to dismiss.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate James E. Seibert for initial review and report and recommendation. On September 17, 2013, the magistrate judge entered an order denying the petitioner's motion to stay the case, but granting the petitioner additional time to respond to respondent's motion to dismiss. The respondent did not file any such response. On December 11, 2013, the magistrate judge issued a report and recommendation, recommending that the petitioner's § 2254 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. The petitioner then filed a motion for

2

an extension of time to file objections to the report and recommendation.  The petitioner requested an additional 60 days to file objections.  This Court granted the petitioner's request as framed, and provided the petitioner with an additional 30 days to file objections.  The petitioner has not as of the date of this memorandum opinion and order filed any such objections.  For the reasons stated below, this Court adopts and affirms the report and recommendation in its entirety.

## II.  Facts

On June 27, 1989, the petitioner was charged in a one-count complaint in Monogalia County, West Virginia, with killing Malcolm Davies, in violation of West Virginia Code § 61-2-1.  On December 7, 1989, a jury convicted the petitioner of murder in the first degree with a recommendation of mercy.  The court then sentenced the petitioner to life in prison with the recommendation of mercy and ordered that an additional five-year sentence be imposed for violation of recidivist statutes.  The court ordered that such sentences were to run consecutively to any sentence previously imposed on petitioner for past crimes.  The petitioner filed a direct appeal of his conviction with the West Virginia Supreme Court of Appeals, which was refused.  The petitioner then filed six different § 2254 petitions with this Court.  All such petitions have previously been dismissed.

As to the current action, the petitioner first raised such claims concerning his parole in the Circuit Court of Randolph County, West Virginia. The circuit court denied and dismissed his claims for failure to state a claim upon which relief could be granted. The petitioner then appealed such finding to the West Virginia Supreme Court of Appeals, which affirmed the circuit court's finding. The petitioner then filed his current § 2241 petition with this Court in February 2013. In May 2013, the petitioner was released from prison on parole. The petitioner was then found to have violated such parole and was reincarcerated.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### IV. Discussion

Having reviewed Magistrate Judge Seibert's report and recommendation for clear error, and finding none, this Court agrees that petitioner's § 2254 petition is moot. Initially, this Court notes that to be eligible for relief under § 2254, the petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254. A person is considered in custody while either

4

incarcerated for the conviction or while on probation or parole. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Thus, at all times during this action, the petitioner has been in custody for purposes of § 2254, regardless of the fact that he was released from incarceration for a period of time while this action was pending.

Nevertheless, as the magistrate judge found, the petitioner's claims are moot. The jurisdiction of the federal courts, under Article III of the United States Constitution, is limited to cases and controversies. If there is no viable legal issue left to resolve, or if the relief sought by a party has already been received, a case becomes moot and the court no longer possesses jurisdiction over it. Powell v. McCormick, 395 U.S. 486, 496 (1969). Should a case, begun as viable, become moot when a party receives the ultimate relief sought without action from the court, the federal court must dismiss the case. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir. 1996). The petitioner's claims in this matter concerning the denial of his parole are now moot because the petitioner was in fact released on parole subsequent to filing the instant petition. Accordingly, the petitioner obtained the ultimate relief he sought and his claims are thus, moot.

## V. Conclusion

For the reasons set forth above, this Court finds no clear error in the report and recommendation of the magistrate judge, and

it is therefore AFFIRMED and ADOPTED in its entirety (ECF No. 30). Accordingly, for the reasons set forth above, the petitioner's § 2254 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 3, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE